IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79129-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING MOTION |
| STEPHEN BARNETT PANKEY, | ) | FOR RECONSIDERATION, |
| | ) | WITHDRAWING & |
| Appellant. | ) | SUBSTITUTING OPINION |
| | ) | |

Appellant filed a motion for reconsideration of the court's December 16, 2019 opinion. The court has considered the motion and determined that reconsideration should be granted, the opinion filed on December 16, 2019 should be withdrawn, and an unpublished substitute per curiam opinion filed.

Now, therefore, it is hereby

ORDERED that appellant's motion for reconsideration is granted. It is further

ORDERED that the opinion of this court filed December 16, 2019 is withdrawn and a unpublished substitute per curiam opinion be filed.

No. 72533-5-I/2

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 79129-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN BARNETT PANKEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 13, 2020 |
| | ) | |

PER CURIAM — Stephen Pankey appeals the judgment and sentence entered following his convictions for first degree unlawful possession of a firearm and second degree malicious mischief. He contends, and the State concedes, that the malicious mischief conviction is not supported by sufficient evidence, and that the DNA[1] fee was improperly imposed under RCW 43.43.7541 and State v. Ramirez,[2] because he previously gave a DNA sample that is on file with the Washington State Patrol crime lab. We accept the State's concessions of error.

Pankey raises other issues in his statement of additional grounds for review related to his conviction for unlawful possession of a firearm. RAP 10.10 permits a criminal defendant to file a pro se statement of additional grounds for review. "Reference to the record and citation to authorities are not necessary or required, but

---

[1] Deoxyribonucleic acid.

[2] 191 Wn.2d 732, 426 P.3d 714 (2018).

the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."[3]

First, Pankey challenges the credibility of the evidence that he was seen throwing and kicking an item under a car where the handgun was recovered. But credibility determinations are left to the trier of fact and are not subject to review.[4]

Second, he questions what happened to a video cam and why it was not presented to the jury, and he asserts ineffective assistance of counsel for failure to pursue DNA analysis of the gun recovered by police, which had no fingerprints. To the extent he claims his counsel was ineffective regarding failure to submit a video cam into evidence and lack of DNA analysis, we decline to review these issues because Pankey relies on facts not in the record on appeal.[5]

We affirm his conviction for unlawful possession of a firearm, vacate his conviction for second degree malicious mischief, and remand for the trial court to strike the DNA fee.

FOR THE COURT:

_____

_____

_____
Andrus, J.

---

[3] RAP 10.10(c).

[4] State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

[5] See State v. McFarland, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995) (A claim of ineffective of assistance of counsel may be brought on direct appeal but "a personal restraint petition is the appropriate means for having the reviewing court consider matters outside the record.").